[Cite as *In re Z.J.*, 2026-Ohio-2788.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
STARK COUNTY, OHIO

| | |
|---|---|
| IN THE MATTER OF: Z.J. | Case No. 2026CA00057 |
| | Opinion And Judgment Entry |
| | Appeal from the Stark County Court of Common Pleas, Family Court Division, Case No. 2024JCV01118 |
| | Judgment:   Dismissed |
| | Date of Judgment Entry: |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** BRANDON J. WALTENBAUGH, for Appellee; DWAYNE JONES, Pro se, Appellant.

*Montgomery, J.*

{¶1}   Appellant D.J. appeals the judgment entered by the Stark County Common Pleas Court, Family Court Division, awarding permanent custody of Z.J. to Appellee Stark County Department of Job and Family Services (hereinafter "SCJFS").

## STATEMENT OF THE FACTS AND CASE

{¶2}  On September 17, 2024, SCJFS filed a complaint in the trial court alleging Z.J. and her two siblings were dependent, neglected and/or abused.  The trial court found Z.J. was dependent and awarded temporary custody to SCJFS.  At the time the case was filed, Appellant was believed to be the biological father of Z.J.

{¶3}  E.W. was later determined to be the biological father of Z.J.  By judgment filed April 17, 2025, Appellant was dismissed from Z.J.'s case.  After Appellant was dismissed from Z.J.'s case, SCJFS filed a motion seeking permanent custody of all three children.  The motion was granted by the trial court.  It is from the February 17, 2026, judgment of the trial court Appellant prosecutes his appeal, assigning as error:

{¶4}  "I. THE TRIAL COURT VIOLATED R.C. 2151.28 BY CONTINUING ADJUDICATION BEYOND THE STATUTORY TIME LIMITS WITHOUT JOURNALIZED GOOD CAUSE, WHERE THE CONTINUATION WAS BASED ON APPOINTED COUNSEL'S FALSE STATEMENT MADE FIFTEEN DAYS AFTER APPELLANT WAS OFFICIALLY UNSUBSTANTIATED, AND WITHOUT MAKING THE FINDINGS REQUIRED FOR CONTINUATION OF THE CASE."

{¶5}  "II. THE TRIAL COURT FAILED TO CONDUCT AN INDIVIDUALIZED ASSESSMENT OF APPELLANT AS A NON-OFFENDING PARENT AND INSTEAD LUMPED APPELLANT INTO THE MOTHER'S HISTORY, CONDUCT, AND HOUSEHOLD CIRCUMSTANCES, CONTRARY TO R.C. 2151.414 AND OHIO DUE-PROCESS PRINCIPLES, AND FAILED TO APPLY COLLATERAL ESTOPPEL BASED ON THE MOTHER'S CRIMINAL CONVICTION FOR CHILD ENDANGERMENT."

{¶6}  "III.  THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO COUNSEL AND DUE PROCESS BY ALLOWING APPOINTED COUNSEL TO WITHDRAW WHILE APPELLANT WAS INCARCERATED AND UNABLE TO APPEAR, DENYING APPELLANT'S MOTION TO REMOVE COUNSEL AND PROCEED PRO SE, AND CONTINUING THE CASE WITHOUT A VALID WAIVER OF COUNSEL, AFTER COUNSEL HAD ALREADY UNDERMINED APPELLANT BY MAKING FALSE STATEMENTS TO THE COURT."

{¶7}  "IV. THE PERMANENT-CUSTODY JUDGMENT IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE UNDER R.C. 2151.414, BECAUSE THE RECORD DOES NOT ESTABLISH A LAWFUL NEXUS BETWEEN APPELLANT

AND ANY CONDITION REQUIRING STATE INTERVENTION, AND THE COURT RELIED ON INACCURATE, INCOMPLETE, OR MISCHARACTERIZED EVIDENCE."

{¶8} "V. THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S CIV.R. 60(B) MOTION FOR FRAUD AND NEWLY DISCOVERED EVIDENCE ON RES JUDICATA GROUNDS WITHOUT REACHING THE MERITS OR CONDUCTING AN EVIDENTIARY HEARING."

## STANDING

{¶9} To vest an appellate court with jurisdiction, the appealing party must have standing to appeal the trial court's judgment. *E.g., Hadley v. Valkenburgh,* 2024-Ohio-2990, ¶ 18 (4th Dist.). A nonparty generally lacks standing to challenge the decision on the merits. *See State ex rel. Sawicki v. Court of Common Pleas,* 2009-Ohio-1523, ¶ 18. In a permanent custody case, a third party who does not file a motion requesting legal custody does not have standing to appeal. *In re N.G.B.,* 2025-Ohio-4525, ¶ 15 (5th Dist.).

## ANALYSIS

{¶10} In the instant case, after Appellant was found to not be the biological father of Z.J., he was dismissed from Z.J.'s case. Appellant was removed from the case prior to the filing of the motion for permanent custody, and thus he was not a party to the permanent custody proceedings with respect to Z.J. Appellant did not file a motion for legal custody of Z.J. after he was determined not to be her biological father. We find Appellant lacks standing to appeal the award of permanent custody of Z.J. to SCJFS. Accordingly, we lack jurisdiction over the appeal.

## CONCLUSION

{¶11} The appeal is dismissed.  Costs are assessed to Appellant.

By: Montgomery, J.

King, P.J. and

Hoffman, J. concur.